UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DAVID RICHARDSON ET AL**      :   CASE NO. 2:21-CV-00673

**VERSUS**                       :   JUDGE JAMES D. CAIN, JR.

**SCOTTSDALE INSURANCE CO**     :   MAGISTRATE JUDGE KAY

### MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 17] filed by defendant Scottsdale Insurance Company, on the subject of plaintiffs' recovery limits under their policy. Plaintiffs David and Shannon Richardson oppose the motion. Doc. 27.

### I.
### BACKGROUND

This suit arises from damage to plaintiffs' home in Vinton, Louisiana, due to Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and a subsequent fire on September 9, 2020. At all relevant times the home was insured under a policy issued by defendant. *See* doc. 17, att. 3. The policy provides the following types of property coverage:

| | Type | Limit |
|---|---|---|
| **Coverage A** | Dwelling | $160,000.00 |
| **Coverage B** | Other Structures | $5,000.00 |
| **Coverage C** | Personal Property | $80,000.00 |
| **Coverage E** | Additional Living Expenses | $16,000.00 |

Doc. 17, att. 3, p. 4.[1] It also provides:

---
[1] The policy does not provide any coverage under Coverage D, Fair Rental Value. Doc. 17, att. 3, p. 4.

**E. Loss Settlement**
Covered property losses are settled at actual cash value at the time of loss but not more than the amount required to repair or replace the damaged property.

*Id.* at 14.

Plaintiffs made a claim for their property damage following the hurricane and another one after the fire. Defendant issued payments of $130,002.80 under Coverage A/Dwelling (representing $166,650.08 replacement value less $2,500.00 deductible and $34,147.28 non-recoverable depreciation); $3,382.89 under Coverage B/Other Structures ($5,181.56 replacement cost less $1,798.67 non-recoverable depreciation); and $10,000.00 under Coverage C/Personal Property between September and October 2020. Doc. 17, atts. 4 & 5. Plaintiffs disputed the adequacy of these payments and filed suit in this court on March 13, 2021, raising claims for breach of contract and bad faith under Louisiana law. Doc. 1.

The case proceeded through the court's streamlined settlement process but did not resolve. It is currently set for trial on March 7, 2022. Defendant now brings this Motion for Partial Summary Judgment, seeking a ruling that plaintiffs' recovery under Coverage A, Coverage B, and Coverage C is limited to the actual cash value of the covered property. Doc. 17. Plaintiffs oppose the motion, arguing that nothing in the policy clearly limits recovery for their totaled home to actual cash value and that the ambiguity must be construed in their favor. Doc. 27. In its reply, defendant represents that it has tendered policy limits under Coverage A and B and that now only Coverage C is at issue. Doc. 32, att. 2, p. 1 n. 1.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

### A. Policy Limits

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

In this matter the court finds an ambiguity under the "Loss Settlement" provision, which purports to limit recovery to "actual cash value at the time of loss but not more than the amount required to repair or replace the damaged property." The ambiguity arises because the replacement cost is what is sought here, and it would rarely—if ever—be less than the actual cash value of a damaged thing. The court also finds it unlikely that a policy purchaser would interpret such a clause as limiting coverage to ACV, especially for total loss of a dwelling and especially where the declarations page sets forth a policy limit for

that dwelling but provides no indication that recovery could be less even upon a total loss. Accordingly, there is no basis for granting Scottsdale summary judgment on this claim.

### B. Bad Faith

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause."[2] *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Under the first factor, proof of loss, Louisiana courts set no strict requirement as to form and instead only require that the insurer "obtain[] sufficient information to act on the claim." *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 739 (5th Cir. 2010) (quoting *Sevier v. U.S. Fid. & Guar. Co.*, 497 So.2d 1380, 1384 (La. 1986)). On the third, compliance with the statute means that the insurer "must pay any undisputed amount over which reasonable minds could not differ." *Dupree v. Lafayette Ins. Co.*, 51 So. 3d 673, 698 (La. 2010). The insurer does not act arbitrarily or capriciously, however, if it "has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed v. State Farm Mut. Auto. Ins., Co.*, 857 So. 2d 1012, 1021 (La. 2003).

---

[2] Under an emergency rule of the Louisiana Insurance Commissioner, this time period was extended to 60 days for a period of time after Hurricane Laura. See La. Dep't of Ins., Emergency Rule 45 (Sep. 4, 2020), *available at* https://www.ldi.la.gov/docs/default-source/documents/legaldocs/rules/rule45-cur-suspensionofcertains.

Scottsdale contends that there is no possibility of a finding of bad faith, based on (1) the ambiguity under the loss settlement provision, supra, and (2) the fact that plaintiffs have not repaired or replaced their home yet. The court finds no merit to the latter argument— if the policy requires Scottsdale to tender replacement cost/policy limits upon a determination that the home is totaled, then there is no justification in withholding funds until plaintiffs have actually replaced their dwelling. As for the ambiguity, the court will leave it to the jury to determine whether Scottsdale's interpretation was reasonable and whether it relied in good faith on this interpretation as a defense.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 17] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 4th day of February, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**