UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DAVID RICHARDSON ET AL** | **CASE NO.  2:21-CV-00673** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCOTTSDALE INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 19] filed by defendant Scottsdale Insurance Company, on the subject of plaintiffs' personal property coverage under their policy. Plaintiffs David and Shannon Richardson oppose the motion. Doc. 29.

### I.
#### BACKGROUND

This suit arises from damage to plaintiffs' home in Vinton, Louisiana, due to Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and a subsequent fire on September 9, 2020. At all relevant times the home was insured under a policy issued by defendant. *See* doc. 19, att. 4. The policy provides the following types of property coverage:

| | Type | Limit |
|---|---|---|
| **Coverage A** | Dwelling | $160,000.00 |
| **Coverage B** | Other Structures | $5,000.00 |
| **Coverage C** | Personal Property | $80,000.00 |
| **Coverage E** | Additional Living Expenses | $16,000.00 |

Doc. 19, att. 4, p. 4.[1] It also provides:

> **C. Concealment Or Fraud**
>   1. With respect to a loss caused by fire, we do not provide coverage to the insured who, whether before or after a loss, has:
>     a. Intentionally concealed or misrepresented any fact or circumstance;
>     b. Engaged in fraudulent conduct; or
>     c. Made false statements;
>   relating to this insurance.
>   2. With respect to loss caused by a peril other than fire, we provide coverage to no person insured under this Policy if, whether before or after a loss, one or more persons insured under this Policy have:
>     a. Intentionally concealed or misrepresented any fact or circumstance;
>     b. Engaged in fraudulent conduct; or
>     c. Made false statements;
>   relating to this insurance.

*Id.* at 55. Under the section "Duties After Loss," the policy also requires the insured to "[p]repare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss" and to justify these figures by attaching "all bills, receipts and related documents[.]" *Id.* at 14.

Plaintiffs made a claim for their property damage following the hurricane and another one after the fire. Defendant paid a $10,000.00 advance under Coverage C/Personal Property on October 2, 2020. Doc. 19, att. 7. After requests from defendant for an inventory, plaintiffs forwarded an estimate reflecting $1,097.90 in contents loss. Doc. 19, att. 8, p. 31. However, the estimate did not contain an inventory or supporting documentation. *See id.*

Plaintiffs then filed suit in this court on March 13, 2021, raising claims for breach of contract and bad faith under Louisiana law. Doc. 1. As part of their initial disclosures

---

[1] The policy does not provide any coverage under Coverage D, Fair Rental Value. Doc. 19, att. 4, p. 4.

under this court's case management order, they submitted an inventory. *See* doc. 19, att. 9, pp. 2–3, 13–15. The inventory contains hundreds of entries, including clothing, furniture, household goods, and appliances. Under the column provided for "Age," "1" (one year) is entered for almost every item with the exception of washer, dryer, and air conditioner, which are listed as two years old. *Id.* at 13–15. Estimated actual cash value ("ACV") (based on a uniform 5 percent depreciation) and replacement cash value ("RCV") is also provided for each item, with a total of $129,665.00 RCV/$127,230.20 ACV. *Id.* On June 18, 2021, plaintiffs submitted this inventory through counsel along with a demand for payment of policy limits on their contents claim. Doc. 19, att. 12. Plaintiffs also submitted a corrected contents list on September 27, 2021, showing a total contents value of $53,277. Doc. 29, atts. 11 & 12. However, they submitted the original list as evidence of their alleged losses in December 2021 discovery responses. Doc. 19, att. 6, pp. 19–20.

The case proceeded through the court's streamlined settlement process but did not resolve. It is currently set for trial on March 7, 2022. Plaintiff Shannon Richardson was deposed on December 22, 2021. *See* doc. 19, att. 11. She admitted that she prepared the inventory and that the original version submitted to Scottsdale contained numerous errors. Doc. 19, att. 11, pp. 38–41. She stated that she had provided the value on each item and "would assume" she had also provided the age, but could not recall. *Id.* at 39. When asked whether the item ages listed were accurate, she replied "Of course not." *Id.* at 43. She stated that she had probably made an error or experienced a technical issue. *Id.* She also admitted that the amounts provided for some clothing items were inflated, and hypothesized that she

had provided the value for a group of items (e.g., four sweatshirts), which was then multiplied when the spreadsheet expected the individual value. *Id.* at 38–43.

Defendant now brings this Motion for Partial Summary Judgment, seeking a ruling that plaintiffs' recovery under Coverage C is barred by their alleged fraud with respect to the contents inventory. Doc. 19. It also maintains that the misrepresentation compels dismissal of plaintiffs' bad faith claim as it relates to their contents coverage. *Id.* Plaintiffs oppose the motion, arguing that errors were based on simple mistakes or technical glitches and that issues of fact preclude summary judgment on the bad faith claim. Doc. 29.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

**A. Fraud Defense**

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Under Louisiana law, an insurer may avoid coverage based on a material misrepresentation only if an insurer can establish an affirmative defense to coverage by showing that: (1) the insured made a false statement in his insurance application; (2) the false statement was material; and (3) the insured's false statement was made with an "intent to deceive" the insurer. *Smith v. Liberty Life Ins. Co.*, 2012 WL 6162757, at *2 (E.D. La. Dec. 11, 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Bridges*, 36 So.3d 1142, 1146 (La. Ct. App. 2d Cir. 2010)). The insurer bears the burden of showing that there was a misrepresentation and that it was made with the intent to

deceive. *Chavez v. Homesite Ins. Co.*, 834 F.Supp.2d 504, 507 (E.D. La. 2011). Because of the "inherent difficulties of proving intent" behind a misrepresentation, Louisiana courts do not require strict proof of fraud. *Bridges*, 36 So.3d at 1147. Instead, intent is determined from circumstances indicating "the insured's knowledge of the falsity of the representations made in the application and his recognition of the materiality thereof, or from circumstances which create a reasonable assumption that the insured recognized the materiality of the misrepresentations." *Id.* While the involvement of intent makes it trickier for the defendant to prevail, the case must be evaluated like any other and "the allegation of intent does not spontaneously shield a case from summary judgment." *Trahan v. Transam. Life Ins. Co.*, 2020 WL 3197625, at *11 (M.D. La. Jun. 15, 2020) (quoting *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996)).

Here there is insufficient evidence to support a finding of intent. Mrs. Richardson's testimony provides a possible innocent explanation for the admitted errors on the spreadsheet, and it is the jury's role to gauge her credibility on this issue and on the submission of the original list in December 2021 discovery responses. Accordingly, Scottsdale fails to show a basis for voiding the policy and summary judgment on this claim must be denied.

### B. Bad Faith Claim

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3)

the insurer's failure to pay is "arbitrary, capricious, or without probable cause."[2] *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Putting aside the reasonableness of Scottsdale's failure to act on the original contents list, the court notes that a second inventory was submitted in September 2021 and that Scottsdale had still made no payment on the claim as of the time this motion was filed. Scottsdale maintains that the September 2021 list did not provide satisfactory proof of loss because of discrepancies in the contents descriptions between it and the original list. However, there is insufficient information for the court to judge this issue or the reasonableness of any delay or refusal to pay based on the September 2021 list. Accordingly, summary judgment must be denied on this basis as well.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 19] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 4th day of February, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[2] Under an emergency rule of the Louisiana Insurance Commissioner, this time period was extended to 60 days for a period of time after Hurricane Laura. *See* La. Dep't of Ins., Emergency Rule 45 (Sep. 4, 2020), *available at* https://www.ldi.la.gov/docs/default-source/documents/legaldocs/rules/rule45-cur-suspensionofcertains.