UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DAVID RICHARDSON ET AL**          **CASE NO. 2:21-CV-00673**

**VERSUS**          **JUDGE JAMES D. CAIN, JR.**

**SCOTTSDALE INSURANCE CO**          **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 21] filed by defendant Scottsdale Insurance Company, seeking dismissal of any claim linked directly or indirectly to plaintiff David Richardson's physical health. Plaintiffs David and Shannon Richardson oppose the motion. Doc. 28.

### I.
### BACKGROUND

This suit arises from damage to plaintiffs' home in Vinton, Louisiana, due to Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and a subsequent fire on September 9, 2020. At all relevant times the home was insured under a policy issued by defendant. *See* doc. 17, att. 3. The policy provides the following types of property coverage:

|   | **Type** | **Limit** |
|---|---|---|
| **Coverage A** | Dwelling | $160,000.00 |
| **Coverage B** | Other Structures | $5,000.00 |
| **Coverage C** | Personal Property | $80,000.00 |
| **Coverage E** | Additional Living Expenses | $16,000.00 |

Doc. 17, att. 3, p. 4.[1]

Plaintiffs made a claim for their property damage following the hurricane and another one after the fire. Defendant issued payments of $130,002.80 under Coverage A/Dwelling (representing $166,650.08 replacement value less $2,500.00 deductible and $34,147.28 non-recoverable depreciation); $3,382.89 under Coverage B/Other Structures ($5,181.56 replacement cost less $1,798.67 non-recoverable depreciation); and $10,000.00 under Coverage C/Personal Property between September and October 2020. Doc. 17, atts. 4 & 5. Plaintiffs disputed the adequacy of these payments and filed suit in this court on March 13, 2021, raising claims for breach of contract and bad faith under Louisiana law. Doc. 1. There they allege that they have suffered mental anguish as a result of defendant's actions, and seek consequential damages under Louisiana Revised Statute § 22:1973. *Id.* at p. 10, ¶ 63.

The case proceeded through the court's streamlined settlement process but did not resolve. It is currently set for trial on March 7, 2022. In discovery information relating to plaintiff David Richardson's physical health, including heart problems and quadruple bypass, has come to light. Defendant now brings this Motion for Partial Summary Judgment, seeking dismissal of any claims related to David Richardson's health on the grounds that plaintiffs have not put forth any evidence establishing causation. Doc. 21. Plaintiffs oppose the motion, agreeing that defendant cannot be blamed for Mr.

---

[1] The policy does not provide any coverage under Coverage D, Fair Rental Value. Doc. 17, att. 3, p. 4.

Richardson's heart condition but arguing that his physical condition relates to their claim of mental anguish. Doc. 28.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause."[2] *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause." Under § 22:1973(C), this award is limited to "two times the damages sustained or five thousand dollars, whichever is greater." These damages are calculated based on consequential damages resulting from the insurer's failure to pay, rather than from amounts due under the insurance contract. *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1168 (La. 2011).

---

[2] Under an emergency rule of the Louisiana Insurance Commissioner, this time period was extended to 60 days for a period of time after Hurricane Laura. *See* La. Dep't of Ins., Emergency Rule 45 (Sep. 4, 2020), *available at* https://www.ldi.la.gov/docs/default-source/documents/legaldocs/rules/rule45-cur-suspensionofcertains.

In their complaint plaintiffs cite mental anguish as part of their consequential damages. Doc. 1, p. 10, ¶ 63. They have not designated any medical experts or disclosed any medical records through their discovery, and they agree that there is no evidence linking Mr. Richardson's heart condition to defendant's handling of their claim. Mrs. Richardson, however, has testified about how the confines of their temporary living quarters and its impact on her husband's recovery have contributed to her stress. Doc. 19, att. 11, pp. 48–50. Mr. Richardson also testified about the emotional stress and uncertainty of their situation. *Id.* at 55–57. The court finds that this stress is adequately linked to plaintiff's consequential damages under § 22:1973, and that there is no basis for broadly striking any claim "directly or indirectly related" to Mr. Richardson's physical health.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 21] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 4th day of February, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**